**EAGLE SYSTEMS, INC., a Washington corporation, Plaintiff—Appellee,**

v.

**Diana K. BLACK; E.T. Schmid Trucking, Inc., an Oregon corporation, Defendants—Appellants.**

Nos. 01–35634, 01–35770.

D.C. Nos. CV–00–00669–GMK, CV–00–00669–KI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2003.

Decided Feb. 25, 2003.

Before BRUNETTI, T.G. NELSON, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Oregon applies the Restatement (Second) of Agency § 393 to claims involving a breach of the duty of loyalty an employee owes her employer. *See W. Med. Consultants v. Johnson*, 80 F.3d 1331, 1336 n. 6 (9th Cir.1996). "Unless otherwise agreed, an agent is subject to a duty not to compete with the principal concerning the subject matter of his agency." Restatement (Second) of Agency § 393.

The district court found that former employee Diana Black ("Black") breached her duty of loyalty to Eagle Systems by: (1) soliciting the owner-operator drivers and other Eagle employees to switch to E.T. Schmid; (2) soliciting intermodal shipping companies, shippers, and consignees to switch to E.T. Schmid; and (3) actually dispatching for E.T. Schmid during the last week that she was on Eagle's payroll. These findings were not clearly erroneous. *See W. Med. Consultants*, 80 F.3d at 1334.

Nor did the district court clearly err in holding E.T. Schmid Trucking liable for its knowing participation in Black's actions. *See* Restatement (Second) of Agency § 312 ("A person who, without being privileged to do so, intentionally causes or assists an agent to violate a duty to his principal is subject to liability to the principal.").

In light of our resolution of the issue concerning Black's breach of duty of loyalty to Eagle Systems, we need not address Appellants' remaining assignments of error.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.